**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ELIZABETH JOHNSON,** | § | |
| **INDIVIDUALLY and as NEXT FRIEND** | § | |
| **OF M.G.,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| **d/b/a WAL-MART SUPERCENTER** | § | |
| **#5288,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**INDEX OF STATE COURT PLEADINGS AND FILING DATES**

| TAB | DOCUMENT | DATE |
|-----|----------|------|
| 1. | State Court Docket Sheet of the County Court at Law No. 5, Dallas, County for Cause No. CC-22-00874-E | 03/25/2022 |
| 2. | Plaintiff's Original Petition | 02/22/2022 |
| 3. | Citation Issued to Defendant Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter #5288 | 02/22/2022 |
| 4. | Return of Service on Defendant Wal-Mart Stores Texas, LLC | 03/03/2022 |
| 5. | Defendant's Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Petition | 03/18/2022 |

# TAB NO. 1

## Case Information

CC-22-00874-E | ELIZABETH JOHNSON, INDIVIDUALLY AND AS vs.WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-22-00874-E | County Court at Law No. 5 | GREENBERG, MARK |
| File Date | Case Type | Case Status |
| 02/22/2022 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
ELIZABETH JOHNSON, INDIVIDUALLY AND AS

Address
1825 Market Center Blvd.
Suite 350
Dallas TX 75207

Active Attorneys ▾
Lead Attorney
KASSAB, LEON R
Retained

DEFENDANT
WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288

Address
SERVE ITS REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK S.
Retained

## Events and Hearings

| 02/22/2022 NEW CASE FILED (OCA) |
| --- |

**02/22/2022 ORIGINAL PETITION** ▾

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF S ORIGINAL PETITION

**02/22/2022 ISSUE CITATION** ▾

ISSUE CITATION

Comment
E-SERVE ENV# 61976011

**02/22/2022 CITATION (SERVICE)** ▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method

**03/03/2022 RETURN OF SERVICE** ▾

RETURN OF SERVICE

Comment
WAL-MART STORES TEXAS LLC DBA WAL-MART SUPERCENTER 5288

**03/18/2022 ORIGINAL ANSWER** ▾

ORIGINAL ANSWER

## Financial

ELIZABETH JOHNSON, INDIVIDUALLY AND AS

| | |
| --- | --- |
| Total Financial Assessment | $358.00 |
| Total Payments and Credits | $358.00 |

| 2/22/2022 | Transaction Assessment | | | $358.00 |
|---|---|---|---|---|
| 2/22/2022 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2022-01605 | ELIZABETH JOHNSON, INDIVIDUALLY AND AS | ($221.00) |
| 2/22/2022 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION

RETURN OF SERVICE

ORIGINAL ANSWER

# TAB NO. 2

FILED
2/22/2022 3:26 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**Jeff Benton**
**State Bar No. 24050283**
**The Benton Law Firm**
**1825 Market Center Blvd., Suite 350**
**Dallas, Texas 75207**
**Ph: 214-219-4878**
**Fax: 214-615-2950**
**Service@thebentonlawfirm.com**

CC-22-00874-E

CAUSE NO. _____

| | | |
|---|---|---|
| Elizabeth Johnson, Individually and as | § | |
| Next Friend of M.G. | § | In The County Court |
|   Plaintiff, | § | |
| | § | |
| v. | § | At Law No. _____ |
| | § | |
| Wal-Mart Stores Texas, LLC d/b/a | § | |
| Wal-Mart Supercenter #5288 | § | |
|   Defendant. | § | Dallas County, Texas |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Elizabeth Johnson, Individually and as Next Friend of M.G., Plaintiff, complaining of and against Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter #5288 [hereinafter "Wal-Mart"], and for cause of action would respectfully show the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1.01  Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan Level 1.

## II. PARTIES, JURISDICTION, AND VENUE

2.01  Plaintiff is an individual residing in Dallas County, Texas.

2.02  On information and belief, Wal-Mart is the operator and owner and/or had exclusive control of the Wal-Mart Supercenter #5288, 220 N Highway 175, Seagoville, TX 75159 ("Premises"). Wal-Mart is a Delaware Corporation with its principal place of business in Texas, and can be served via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.03  This Court has jurisdiction and venue over the parties to and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court and all or a substantial part of the events or omissions giving rise to the claims herein occurred in Dallas County, Texas.

2.04  Plaintiff  seeks  monetary  damages  of  under  $250,000.00.

### III. <u>STATEMENT OF FACTS</u>

3.01     At all material times, Wal-Mart was/were the owner(s) and/or operator(s), and/or had exclusive control of the Premises.

3.02     Plaintiff was an invitee at the time the injury occurred. Plaintiff went on the Premises for the mutual benefit of herself and Defendant, and at the invitation of Defendant.

3.03     At the time of the events in question, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent and patent defects, and to make safe any defects or give adequate warning of any dangers.

3.04     On or about June 11, 2020, Plaintiff was walking toward the self-checkouts, when she slipped and fell on a wet substance spilled on the floor.

3.05     As a result of the fall, Plaintiff suffered painful and substantial personal injuries.

### IV. <u>CAUSE OF ACTION FOR PREMISES LIABILITY</u>

4.01     At all material times, Wal-Mart itself/themselves, or acting through its/their administrative personnel, agents and employees, created an unreasonable risk of harm on the premises of which they knew or should have known, and failed to use reasonable care to correct or warn Plaintiff of the condition. As a proximate result of the negligence of Wal-Mart, Plaintiff suffered the serious personal injuries complained of herein.

4.02     Because Plaintiff was an invitee at the time of injury, Defendants owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

4.03     Defendants' conduct, and that of any agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendants knew or should have known that the condition on the premises created an unreasonable risk of harm to invitees. Defendants failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding unreasonable risk of harm to invitees. Specifically, Defendants breached its duties in one or more of the following ways:

    a.     Failing to inspect the premises on a regular basis;

    b.     Failing to correct or warn of the dangerous conditions created by the parking lot patch complained of herein;

    c.     Failing to place signs warning invitees;

    d.     Failing to provide adequate instructions to invitees to avoid injury;

    e.     Failing to exercise reasonable care in establishing and maintaining a premises free of recognized hazards;

f.      Failing to provide a safe walking surface;

g.      Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;

h.      Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

5.03    Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

## VI.  **DAMAGES**

6.01    As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries.  As a result of her injuries, Plaintiff has suffered the following damages:

a.      Physical pain in the past and future;

b.      Mental anguish in the past and future;

c.      Lost earnings in the past and future;

d.      Damage to earning capacity in the past and future;

e.      Physical impairment in the past and future; and

f.      Medical expenses in the past and future (parent's individual claim for child's medical expenses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial she has judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court; prejudgment and post judgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE BENTON LAW FIRM**

   /s/ Leon R. Kassab
JEFF BENTON, State Bar No. 24050283
LEON R. KASSAB, State Bar No. 24095164
1825 Market Center Blvd., Suite 350
Dallas, Texas 75207
Phone  (214) 219-4878
Fax     (214) 615-2950

Service@TheBentonLawFirm.com

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO.  DC-19-02057

| | | |
|---|---|---|
| Mary Glazier, | § | In The District Court |
| Plaintiff, | § | |
| | § | |
| v. | § | 14th Judicial District |
| | § | |
| Apple Nine Hospitality Ownership, Inc. | § | |
| d/b/a Hilton Garden Inn | § | |
| (previously named in this suit as | § | |
| Apple Nine SPE Duncanville, Inc. | § | |
| d/b/a Hilton Garden Inn) and Gateway | § | |
| Hospitality Group, Inc. | § | |
| Defendant. | § | Dallas County, Texas |

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO GATEWAY HOSPITALITY GROUP, INC.

TO:    Gateway Hospitality Group, Inc. ("Gateway")

COMES NOW **MARY GLAZIER,** Plaintiff in the above styled cause of action, and serves

PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY upon Defendant Gateway

Hospitality Group, Inc. (hereinafter "Gateway"), as allowed by Tex. R. Civ. P. 192 through 197.

Defendant must answer each request separately, fully, in writing, and the interrogatories under

oath, within fifty (50) days after service.

Respectfully submitted,

**THE BENTON LAW FIRM**

   /s/ Leon R. Kassab
JEFF BENTON, State Bar No. 24050283
LEON R. KASSAB, State Bar No. 24095164
1825 Market Center Blvd., Suite 350
Dallas, Texas 75207
Phone  (214) 219-4878
Fax     (214) 615-2950
Service@TheBentonLawFirm.com

**ATTORNEYS FOR PLAINTIFF**

## I. **INSTRUCTIONS**

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## II. **DEFINITIONS**

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "GLAZIER" means Plaintiff Mary Glazier, his/her agents, representatives, and all other persons acting in concert with him/her, or under his/her control, whether directly or indirectly, excluding his/her attorney.

2.      "Defendant," "GATEWAY," "you" or "your" means Defendant Gateway Hospitality Group, Inc., Defendant's agents, representatives, and all other persons acting in concert with Defendant, or under Defendant's control, whether directly or indirectly, excluding Defendant's attorney.

3.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records,

or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

4.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

5.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

7.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.      "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

9.      "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

10.     "Describe" or "identify," when referring to a person, means you must state the following:

a.      The full name;

      b.     The present or last known residential address;

      c.     The present or last known residential and office telephone numbers;

      d.     The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and

      e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

11.     "Describe" or "identify," when referring to a document, means you must state the following:

      a.     The nature (e.g., letter, handwritten note) of the document;

      b.     The title or heading that appears on the document;

      c.     The date of the document and the date of each addendum, supplement, or other addition or change;

      d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and

      e.     The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12.     The word "and" means "and/or."

13.     The word "or" means "or/and."

14.     "Accident," or "incident," refers to the incident pleaded in Plaintiff's petition(s).

15.     "Property" or "premises" refers to the Premises defined and described in the Petition in this matter.

PAGE 8

## III. **INTERROGATORIES**

**INTERROGATORY NO. 1:**
Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address and occupation, and identify the office you hold for the Defendant.

ANSWER:

**INTERROGATORY NO. 2:**
Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements which took place immediately preceding and immediately subsequent to the incident.

ANSWER:

**INTERROGATORY NO. 3:**
Please describe each act or omission on the part of Plaintiff that you contend contributed in any way to Plaintiff's damages.

ANSWER:

**INTERROGATORY NO. 4:**
Please state those facts which you contend establish that the incident in question was caused solely and/or proximately by a new and independent cause, and describe each such new and independent cause.

ANSWER:

**INTERROGATORY NO. 5:**
Please state those facts which you contend establish that the incident in question was the result of an unavoidable accident and/or was the result of events and/or conditions wholly beyond your scope and control.

ANSWER:

**INTERROGATORY NO. 6:**
Please identify with sufficient particularity to allow Plaintiff to frame a Request for Production all rules, recommendations, policies, procedures, and any other documents that pertain to or concern in any way the design and/or maintenance of the area where the incident occurred.

ANSWER:

**INTERROGATORY NO. 7:**
If Defendant contends that it prepared instructions or warnings for Plaintiff, consumers, users, or any other persons of a dangerous condition concerning the premises, or that Plaintiff was warned

or had notice of a dangerous condition on the premises, identify and describe in detail all such instructions and/or warnings.

ANSWER:

INTERROGATORY NO. 8:
For each person, including employees, who was present at the time and place of the incident referenced in Plaintiff's Original Petition, please identify such people and/or employees by name, address, telephone number, title, and job description.

ANSWER:

INTERROGATORY NO. 9:
If you or any agent or employee of Defendant made any examination or inspection of the location of the accident in question on the premises in the 24 hours before and after the time of the incident, please state:

    (a)    the date and time of day of such examination or inspection;

    (b)    the identification, including name, address and telephone number, of the person making such examination or inspection;

    (c)    a description of what such examination or inspection consisted of;

    (d)    a description of what such examination or inspection revealed or showed; and

    (e)    a description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:

INTERROGATORY NO. 10:
If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

    (a)    the time and place when such admission or declaration was made;

    (b)    the substance of the admission or declaration; and

    (c)    the names, addresses and telephone numbers of all persons in whose presence such admission or declaration was made.

ANSWER:


INTERROGATORY NO. 11:

If you contend that Plaintiff was not injured in the manner alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

ANSWER:

INTERROGATORY NO. 12:
If you contend that Defendant neither knew nor should have known of the alleged condition in question, please state each fact on which you base your contention, identify any persons by name, address, and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:

INTERROGATORY NO. 13:
Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including keeping the parking lot free of hazards, at the time of the incident in question.

ANSWER:

INTERROGATORY NO. 14:
State whether any entities or persons identified in Interrogatory No. 14 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:

INTERROGATORY NO. 15:
If you claim that Plaintiff has named the incorrect corporate entity in control of the premises at issue in this lawsuit, please identify the corporate entity you claim to have been in control of the premises at the time of Plaintiff's alleged injuries.

ANSWER:

## IV. <u>REQUEST FOR PRODUCTION</u>

Please produce the following at Plaintiff counsel's office within the prescribed time:

1.      All communications occurring between Plaintiff, or anyone acting on Plaintiff's behalf, on the one hand, and Defendant, or anyone acting on Defendant's behalf, on the other, including, but not limited to, handwritten notes of any such communication, copies of any correspondence, transcripts of tape recordings, tapes containing recordings, etc.

2.      Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

3.      Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises or the subject matter of this suit [**NOTE:** This would include any civil or criminal citations, city permits, red tags, etc.]

4.      Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the incident, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

5.      Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each instance where a person, including Plaintiff, fell on parking lot of the premises.

6.      Exact copies of any incident reports relating to the incident.

7.      Any pictures, photographs, slides, drawings, graphs, charts, video tapes, recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question.  The work product of Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

8.      Exact copies of all documents concerning the design, construction, modification, or improvements of and to the location of the incident on the premises in question.

9.      Exact copies of all warnings of a dangerous condition concerning the location of the incident.

10.     A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises.

11.     Produce all manuals, guidelines or instruction books that Defendant, or Defendant's agent(s), gives to employees regarding the investigation and/or reporting of accidents.

12.     Any and all photographs, recordings, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting the Plaintiff, or the accident scene.

13.     All witness statements regarding this incident in the custody or control of Defendant.

14.     Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff.  This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the accident which is the subject matter of this suit.

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Leon Kassab on behalf of Leon Kassab
Bar No. 24095164
leon@thebentonlawfirm.com
Envelope ID: 61945344
Status as of 2/22/2022 11:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Benton | | service@thebentonlawfirm.com | 2/22/2022 3:26:20 AM | SENT |
| Leon Kassab | | leon@jeffbenton.com | 2/22/2022 3:26:20 AM | SENT |
| Gina Marino | | gina@jeffbenton.com | 2/22/2022 3:26:20 AM | SENT |

# TAB NO. 3

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-22-00874-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288**
**SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ELIZABETH JOHNSON, INDIVIDUALLY AND AS**
*Plaintiff(s)*

**VS.**

**WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288**
*Defendant(s)*

filed in said Court on the 22nd day of February, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 22nd day of February, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez* Deputy
Guisla Hernandez



---

**ATTORNEY**
**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**
**CC-22-00874-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

ELIZABETH JOHNSON,
INDIVIDUALLY AND AS , *Plaintiff(s)*

**VS.**

WAL-MART STORES TEXAS, LLC
D/B/A WAL-MART SUPERCENTER
#5288, *Defendant(s)*

---

**SERVE:**
**WAL-MART STORES TEXAS, LLC**
**D/B/A WAL-MART SUPERCENTER**
**#5288**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**22ND DAY OF FEBRUARY, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

---

Attorney for Plaintiff

LEON R KASSAB
1825 MARKET CENTER BLVD
SUITE 350
DALLAS TX 75207
214-219-4878

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-22-00874-E   County Court at Law No. 5

ELIZABETH JOHNSON, INDIVIDUALLY AND AS  vs.WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288 in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

Serving Petition and Copy        $_____        _____, Officer

Total    $_____        _____, County, Texas

By:_____, Deputy

_____, Affiant

# TAB NO. 4

FILED
3/3/2022 9:17 AM
JOHN F. WARREN
Electronically Served
2/22/... COUNTY CLERK
DALLAS COUNTY

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-22-00874-E
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288**
**SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**ELIZABETH JOHNSON, INDIVIDUALLY AND AS**
*Plaintiff(s)*

VS.

**WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288**
*Defendant(s)*

filed in said Court on the 22nd day of February, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 22nd day of February, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By  Deputy
Guisla Hernandez



---

| ATTORNEY |
|---|
| **CITATION**<br>**PLAINTIFF'S ORIGINAL PETITION** |
| **CC-22-00874-E** |
| IN THE COUNTY COURT OF DALLAS<br>County Court at Law No. 5<br>Dallas County, Texas<br><br>ELIZABETH JOHNSON,<br>INDIVIDUALLY AND AS , *Plaintiff(s)*<br><br>VS.<br><br>WAL-MART STORES TEXAS, LLC<br>D/B/A WAL-MART SUPERCENTER<br>#5288, *Defendant(s)* |
| **SERVE:**<br>**WAL-MART STORES TEXAS, LLC**<br>**D/B/A WAL-MART SUPERCENTER**<br>**#5288**<br>**SERVE ITS REGISTERED AGENT**<br>**CT CORPORATION SYSTEM**<br>**1999 BRYAN STREET SUITE 900**<br>**DALLAS TX 75201**<br><br>**ISSUED THIS**<br>**22ND DAY OF FEBRUARY, 2022**<br><br>JOHN F. WARREN, COUNTY CLERK<br>BY: GUISLA HERNANDEZ, DEPUTY |
| Attorney for Plaintiff |
| LEON R KASSAB<br>1825 MARKET CENTER BLVD<br>SUITE 350<br>DALLAS TX 75207<br>214-219-4878 |

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

CC-22-00874-E   County Court at Law No. 5

**OFFICER'S RETURN**

ELIZABETH JOHNSON, INDIVIDUALLY AND AS   vs. WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**Fees:**
Came to hand on the 23 day of February, 20 22, at 12 o'clock P .m., and executed in Dallas County, Texas by delivering to WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288 in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Wal-Mart Stores Texas LLC D/B/A Wal-Mart Supercenter #5288 | 2-25-22 @ 11:43AM | 1999 Bryan St #900 Dallas TX 75201 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Daisy Garcia

Serving Petition and Copy     $_____     _____, Officer

Total   $ 75     _____, County, Texas

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS 28th DAY OF Feb 20 22     By: _____, Deputy

x Carrie m Dean


CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

_____, Affiant

PSC #19969
EXP. 6/30/23

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 62253089
Status as of 3/4/2022 1:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Benton | | service@thebentonlawfirm.com | 3/3/2022 9:17:33 AM | SENT |
| Leon Kassab | | leon@jeffbenton.com | 3/3/2022 9:17:33 AM | SENT |
| Gina Marino | | gina@jeffbenton.com | 3/3/2022 9:17:33 AM | SENT |

# TAB NO. 5

FILED
3/18/2022 1:45 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-00700-D   Document 1-3   Filed 03/25/22   Page 29 of 35   PageID 39

CAUSE NO. CC-2200874-E

| | | |
|---|---|---|
| **ELIZABETH JOHNSON,** | § | **IN THE COUNTY COURT** |
| **INDIVIDUALLY and as NEXT FRIEND** | § | |
| **OF M.G.** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 5** |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| **d/b/a WAL-MART SUPERCENTER** | § | |
| **#5288,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **DEFENDANT.** | | |

---

**DEFENDANT WAL-MART STORES TEXAS, LLC'S**
**ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC (incorrectly named Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter #5288) ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

**I.**
**GENERAL DENIAL**

1.      Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

**II.**
**AFFIRMATIVE DEFENSES**

2.      Pleading further, and in the affirmative, Defendant asserts the doctrine of

---

comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.  *Id*.  Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries plead by Plaintiff may have

been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

### III.
### NOTICE OF INTENT

17.     Defendant further places Plaintiff on notice that pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 it may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by Plaintiff.

### IV.
### DEMAND FOR JURY TRIAL

18.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE,

Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:     */s/ Derek S. Davis*
        **DEREK S. DAVIS**
        Texas Bar No. 00793591
        Email:  Derek.Davis@CooperScully.com
        **CLARISSA A. PRICE**
        Texas Bar No. 24082450
        Email: Clarissa.Price@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of March, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Jeff Benton**
**Leon R. Kassab**
THE BENTON LAW FIRM
1825 Market Center Blvd., Suite 350
Dallas, Texas 75207
Telephone: (214) 219-4878
Facsimile:  (214) 615-2950
Email:  Service@TheBentonLawFirm.com
**ATTORNEY FOR PLAINTIFF**


*/s/ Derek S. Davis*
**DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karri Minster on behalf of Derek Davis
Bar No. 793591
karri.minster@cooperscully.com
Envelope ID: 62745671
Status as of 3/18/2022 2:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Benton | | service@thebentonlawfirm.com | 3/18/2022 1:45:44 PM | SENT |
| Leon Kassab | | leon@jeffbenton.com | 3/18/2022 1:45:44 PM | SENT |
| Gina Marino | | gina@jeffbenton.com | 3/18/2022 1:45:44 PM | SENT |

Associated Case Party: WAL-MART STORES TEXAS, LLC D/B/A WAL-MART SUPERCENTER #5288

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | derek.davis@cooperscully.com | 3/18/2022 1:45:44 PM | SENT |
| Clarissa Price | | Clarissa.price@cooperscully.com | 3/18/2022 1:45:44 PM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 3/18/2022 1:45:44 PM | SENT |
| Karri Minster | | Karri.Minster@cooperscully.com | 3/18/2022 1:45:44 PM | SENT |